UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GUILLOT,<br><br>        Plaintiff<br><br>        v.<br><br>TERRENCE FERRELL, THE UNITED STATES POSTAL SERVICE, and DOES 1-20 inclusive,<br><br>        Defendants | CASE NO. 1:16-CV-1307 AWI MJS<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED UNDER RULE 4(m) AND FOR FAILURE TO PROSECUTE |

   On September 2, 2016, Plaintiff filed a Complaint against the United States Postal Service ("USPS") and Terrence Ferrell, a USPS mail carrier. See Doc. No. 1. The Complaint alleges a single cause of action for intentional infliction of emotional distress. See id.

   On September 6, 2016, the Clerk's office issued a summons, and the Magistrate Judge issued new case documents and set the initial scheduling conference for December 8, 2016. See Doc. Nos. 4, 5.

   On December 5, 2016, the Magistrate Judge vacated the December 8 scheduling conference by minute order. See Doc. No 6. No scheduling conference reports or filings of any kind were made prior to December 5. The minute order in part reset the scheduling conference to February 10, 2017, informed Plaintiff that a scheduling conference report was due 10 days prior to the scheduling conference, and reminded Plaintiff of his service obligations under Federal Rule of Civil Procedure 4(m). See id.

On February 3, 2017, the Magistrate Judge vacated the February 10, 2017 scheduling conference by minute order.  See Doc. No. 7.  No documents of any kind were filed after the Decmeber 5, 2016 minute order.  The February 3 minute order informed Plaintiff that a scheduling conference report was due 10 days prior to the scheduling conference, and reminded Plaintiff of his service obligations under Rule 4(m).  See id.

Rule 4(m) provides that service of process must be effected within 90 days of filing the complaint.  See Fed. R. Civ. P. 4(m).  This deadline also applies to suits against the United States, its agencies, and its employees.[1]  See Mollison v. United States, 568 F.3d 1073, 1076 (9th Cir. Nev. 2009).  When service is not accomplished within 90 days, a court's actions are generally guided by the presence or absence of good cause.  See In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).  If there is good cause, the Court is under a mandatory duty and must extend the time for service.  See Crowley v. Bannister, 734 F.3d 967, 975 (9th Cir. Nev. 2013); Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).  If there is not good cause, the Court has the discretion to either dismiss the action against the non-served defendant without prejudice or set a specified time in which the plaintiff is to accomplish service.  See Crowley, 734 F.3d at 975; Efaw, 473 F.3d at 1041.  In deciding whether to set a specified time for service in the absence of good cause, courts have broad discretion and may examines such considerations as a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.  Efaw, 473 F.3d at 1041.  Dismissals under Rule 4(m) may be accomplished through either a noticed motion or *sua sponte* by the court after notice to the plaintiff.  See Fed. R. Civ. P. 4(m); Crowley, 734 F.3d at 974-75.

In this case, significantly more time than 90 days has now passed since the Complaint was filed on September 2, 2016.  In the five months that have since passed, Plaintiff has filed nothing, despite an express reminder on December 5 from the Magistrate Judge about the Rule 4(m) deadline and the necessity of filing a scheduling conference statement.  Under these

---

[1] A plaintiff who sues the United States or an officer, agency, or employee of the United States, will be provided a "reasonable time" to cure defective service if the requirements of Federal Rule of Civil Procedure 4(i)(4) are met. Mares v. United States, 627 Fed. Appx. 21, 22 (2d Cir. 2015).

circumstances, the Court has serious concerns about the prosecution of this case. Without serving the Complaint, and indeed without any apparent activity by Plaintiff, this case cannot proceed. Therefore, it is appropriate for the Plaintiff to show cause why the Defendants should not be dismissed under Rule 4(m) and why this case should not be dismissed for failure to prosecute.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. No later than 3:00 p.m. on February 17, 2017, Plaintiff shall show cause in writing why the Defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m), and why this case should not be dismissed for failure to prosecute;

2. Plaintiff is warned that the failure to file a timely response to this order will result in the termination of this case without further notice.

IT IS SO ORDERED.

Dated: __February 8, 2017__                    _____
                                                SENIOR DISTRICT JUDGE