UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANK GUILLOT,** | **CASE NO. 1:16-CV-1307 AWI MJS** |
| Plaintiff | |
| v. | **ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
| **TERRENCE FERRELL, THE UNITED STATES POSTAL SERVICE, and DOES 1-20 inclusive,** | (Doc. No. 23) |
| Defendants | |

This is a Federal Tort Claims Act ("FTCA") case brought by Plaintiff Frank Guillot ("Guillot") against the United States Postal Services ("USPS") and one of its mailmen, Terence Ferrell ("Ferrell"). Guillot alleges a single claim of intentional infliction of emotional distress against Ferrell and the USPS. An entry of default was entered by the Clerk against Ferrell on August 22, 2017. The USPS moves to dismiss the Complaint due to lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Guillot has filed no opposition. For the reasons that follow, the motion to dismiss will be denied.

## RULE 12(b)(1) FRAMEWORK

Federal Rules of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); K2 Am. Corp. v. Roland Oil & Gas, 653 F.3d 1024, 1027 (9th Cir. 2011). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equip., 437 U.S. 365, 374

(1978); Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); K2 Am., 653 F.3d at 1027. Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. See Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014); Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the court determines whether the factual allegations are sufficient to invoke the court's subject matter jurisdiction. See Leite, 392 F.3d at 362; Meyer, 373 F.3d at 1039. When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039; see Leite, 749 F.3d at 1121. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011). The plaintiff must show by a preponderance of the evidence each requirement for subject-matter jurisdiction, and as long as the dispute is not intertwined an element of the plaintiff's cause of action, the court may resolve any factual disputes itself. Leite, 749 F.3d at 1121.

## BACKGROUND

From the Complaint, in June 2015, Ferrell became acquainted with Guillot's common law wife, Maria,[1] by delivering mail to Maria's mother. Maria's mother would watch the Guillot's five year old twins. In late 2015, Ferrell began a romantic affair with Maria. On information and belief, Ferrell and Maria engaged in sexual relations during Ferrell's USPS working hours and inside Ferrell's USPS mail truck during June and July 2015.

---

[1] The Court notes that California has abolished common law marriage. See People v. Badgett, 10 Cal.4th 330, 363 (1995); Elden v. Sheldon, 46 Cal.3d 267, 275 (1988). However, California will recognize the validity of a marriage contracted in another state, including a common law marriage, as long as that marriage would be valid under the laws of the other state. Badgett, 10 Cal.4th at 363 (citing Cal. Fam. Code § 308).

2

On September 23, 2015, the Madera County Superior Court ordered that the Guillot children have no contact with Ferrell. Ferrell repeatedly violated this order by delivering mail to the children's day care and to Maria's mother's residence. Ferrell also violated the court order by going to the children's school, having close personal contact with the children, and threatening Guillot. All of this conduct occurred while Ferrell was in his USPS uniform, while driving a USPS mail truck, and while he was supposed to be on his postal route.

Guillot obtained a Restraining Order against Ferrell. The Restraining Order was obtained out of fear that Ferrell would engage in a violent rage against Guillot or his children. The Restraining Order file contained a picture of the Guillot children inside of Ferrell's mail truck during working hours. Ferrell continued to violate this and other orders. A police file documents numerous instances of harassment and intentional and continuous instance of emotional distress.

On January 14, 2016, Guillot mailed an administrative claim (the "Claim") under the FTCA. See Complaint Ex. A. The Claim was received by the USPS on February 17, 2016. See id. at Ex. B.

By letter dated March 2, 2016, USPS denied the Claim. See id. at Ex. C.

On April 29, 2016, Guillot submitted a request for USPS to reconsider its denial of the Claim. See Beatty Dec. Ex. C.

Guillot filed suit in this Court on September 2, 2016. See Doc. No. 1.

## DEFENDANT'S MOTION

*Defendant's Argument*

USPS argues that the Court lacks subject matter jurisdiction because Guillot filed a request for reconsideration of the denial of the Claim. Although the USPS has 6 months in which to decide a request for reconsideration, Guillot filed this case before the expiration of 6 months. Because Guillot did not receive a decision on his request for reconsideration before filing this lawsuit, Guillot filed suit prior to obtaining a final decision from the USPS. This is a violation of the FTCA. Because there was not compliance with the FTCA, sovereign immunity has not been waived and the Court lacks subject matter jurisdiction.

*Legal Standard*

"The FTCA waives the United States' sovereign immunity for tort claims against the federal government in cases where a private individual would have been liable under 'the law of the place where the act or omission occurred.'" Snyder & Assocs. Acquisitions LLC v. United States, 859 F.3d 1152, 1157 (9th Cir. 2017) (quoting 28 U.S.C. § 1346(b)). Before a plaintiff can file an FTCA action in federal court, he must exhaust the administrative remedies for his claim and file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a); D. L. v. Vassilev, 858 F.3d 1242, 1244 (9th Cir. 2017). "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." D.L., 858 F.3d at 1244; Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992). The administrative exhaustion requirement is jurisdictional, must be strictly adhered to, and cannot be waived. See D.L., 858 F.3d at 1244; Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

*Discussion*

There is no dispute that USPS received Guillot's administrative claim in February 2016, and that the USPS denied that claim on March 2, 2016. See Complaint ¶ 7; Beatty Dec. Exs. A, B. Further, there appears to be no dispute that Guillot requested reconsideration of that denial on April 29, 2016. See Beatty Dec. Ex. C. Per regulation, USPS had 6 months in which to decide the request for reconsideration. See 39 C.F.R. § 912.9(b). However, Guillot filed suit in this Court on September 2, 2016, prior to the expiration of 6 months from the April 29 request for reconsideration. See Doc. No. 1. The issue is whether Guillot exhausted his administrative remedies, despite filing suit prior to expiration of the 6 month reconsideration period.

Several courts that have examined the issue have concluded that the denial of an administrative claim exhausts administrative remedies, and that filing suit prior to expiration of the 6 month reconsideration period has no effect on § 2675(a)'s exhaustion requirement. See Atherton v. United States, 193 F.Supp.3d 2, 5 (D.D.C. 2016); State Farm Mut. Auto. Ins. Co. v. United States, 326 F.Supp.2d 407, 416 (E.D.N.Y. 2004); Bond v. United States, 934 F. Supp. 351, 355 (C.D. Cal. 1996).

Of particular note is *Bond*, which addressed the 6 month reconsideration period of 28 C.F.R. § 14.9. See Bond, 934 F.Supp. at 354. As in this case, the plaintiff in *Bond* received a formal denial of his claim, filed a timely request for reconsideration, and filed suit prior to the expiration of the 6 month "reconsideration period," or as *Bond* put it, "before a *second* 'final denial' occurred." Id. *Bond* found that the Ninth Circuit had given sufficient guidance in a case involving regulation 28 C.F.R. § 14.3 in order for it to conclude that there had been exhaustion. See id. The regulations under 28 C.F.R. § 14.1 et seq. "were not jurisdictional limitations on tort claims." Id. (citing Warren v. United States Dept. of the Interior – B.L.M., 724 F.2d 776, 778 (9th Cir. 1984) (en banc)). "[T]he relevant statutes and their legislative histories reveal that Congress did not intend to treat regulations promulgated pursuant to [28 U.S.C. § 2672] as jurisdictional prerequisites under [28 U.S.C. § 2675(a)]." Warren, 724 F.2d at 778; Bond, 934 F.Supp. at 355. The Ninth Circuit noted that if "Congress intended to authorize the promulgation of jurisdictional regulations, it would have created that authority directly. Congress has *never delegated such authority under [28 U.S.C. §] 2675(a).*" Warren, 724 F.2d at 778 (emphasis added); Bond, 934 F.Supp. at 355. According to *Bond,* "*Warren*'s broad pronouncement that 'these regulations' are jurisdictionally impotent belies the Government's argument that § 14.9(b) dictates the occurrence or non-occurrence of a final denial." Bond, 934 F.Supp. at 355.

As indicated above, other courts have relied upon, and reached the same result as, *Bond*. Part of the rationale from these courts is that the agency informed the plaintiff that his "claim is denied," and that the written denial functioned as a "final denial." See Atherton, 193 F.Supp.3d at 5; State Farm, 326 F.Supp.2d at 416-17. Because of the possibility of an agency perpetually asking for additional information, or the fact that the claimant could have filed suit within 6 months of the written denial without problem but for a request for reconsideration, these courts conclude that the written denial is a "final denial" that is unaffected by a reconsideration motion. See Atherton, 193 F.Supp.3d at 5; State Farm, 326 F.Supp.2d at 416-17. In this case, the USPS expressly told Guillot that his claim was denied and that he had 6 months from the date of the USPS's "final denial" to file his lawsuit. See Beatty Dec. Ex. B.

It is true that *Bond* did not involve 39 C.F.R. § 912.9. However, the Northern District of

1  California examined regulations under 39 C.F.R. Part 912 and found those regulations to be
2  indistinguishable from the regulations under 28 C.F.R. Part 14.  See Pagel v. United States, 986 F.
3  Supp. 1315, 1324-25 (N.D. Cal. 1997).  Of note, the USPS in *Pagel* argued that the regulations
4  under 39 C.F.R. Part 912 were different from the regulations in 28 C.F.R. Part 14 because of the
5  authorizing statutes identified.  See id. at 1325.  39 C.F.R. Part 912 was promulgated pursuant to
6  "28 U.S.C. §§ 2671-2680," whereas the regulations under 28 C.F.R. Part 14 were promulgated
7  under 28 U.S.C. § 2672.  See id.  *Pagel* rejected the distinction:  ". . . the only provision in the
8  [FTCA] which authorizes the promulgation of agency regulations is 28 U.S.C. § 2672," and §
9  2672 "grants such authority only to the Attorney General."  Id.  That is, *Pagel* recognized that 28
10 U.S.C. § 2672 was the actual basis for the regulations under Part 912.  *Warren* rejected the notion
11 that § 2672 could form the basis of jurisdiction altering regulations.  See Warren, 724 F.2d at 778.
12 Although *Pagel* did not examine 39 C.F.R. § 912.9(b), the Court detects no material difference
13 between 39 C.F.R. § 912.9(b) and 28 C.F.R. § 14.9(b).  In fact, the only differences between §
14 14.9(b) and § 912.9(b) are:  (1) § 912.9(b) directs that a request for reconsideration be directed to
15 either the postal official who denied the claim or the Chief Counsel in St. Louis, Missouri, while §
16 14.9 requires that the request be directed to the denying "agency"; (2) the "Postal Service" is
17 referred to instead of the "agency"; and (3) the last sentence of § 912.9 refers to "this part" in
18 general, while § 14.9 refers to "subparagraph (a)."  See 28 C.F.R. 14.9(b)[2]; 39 C.F.R. § 912.9(b)[3].
19 Otherwise, the regulations are identical.  Without more from the USPS, the Court agrees with

---

[2] 28 C.F.R. 14.9(b) reads:
"Prior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration. Final agency action on a request for reconsideration shall be effected in accordance with the provisions of paragraph (a) of this section."

[3] 39 C.F.R. 912.9(b) reads:
"Prior to the commencement of suit and prior to the expiration of the 6 month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the postal official who issued the final denial or with the Chief Counsel, Torts, General Law Service Center, USPS National Tort Center, 1720 Market Street, Room 2400, St. Louis, MO 63155-9948, for a reconsideration of a final denial of a claim under paragraph (a) of this section. Upon the timely filing of a request for reconsideration, the Postal Service shall have 6 months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration. Final Postal Service action on a request for reconsideration shall be effected in accordance with this part."

*Pagel* and finds 28 C.F.R. § 14.9(b) to be indistinguishable from 39 C.F.R. § 912.9(b). The fact that *Bond* did not involve § 912.9(b) is not a sufficient distinction.

Having considered the matter, the Court agrees with the analysis of *Bond* and its treatment of *Warren*. *Warren*'s language is particularly strong, and the Court agrees with *Bond*'s reliance on *Warren* with respect to 28 C.F.R. § 14.9(b) and 39 C.F.R. § 912.9(b). 28 U.S.C. § 2675(a) requires that an FTCA claimant obtain a final agency decision before filing suit. See 28 U.S.C. § 2675(a); D.L., 858 F.3d at 1244. Under the USPS's position, the regulation would require a claimant who requests reconsideration to obtain a second final agency decision before filing suit. See Bond, 934 F.Supp. at 354. Recognizing such a requirement would be contrary to *Warren*. See Warren, 724 F.2d at 778; Bond, 934 F.Supp. at 354-56. Therefore, the Court concludes that Guillot exhausted his administrative remedies, and dismissal under Rule 12(b)(1) is not appropriate.[4] See Warren, 724 F.2d at 778; Atherton, 193 F.Supp.3d at 5; State Farm, 326 F.Supp.2d at 416-17; Pagel, 986 F. Supp. at 1324-25; Bond, 934 F.Supp. at 354-55.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's Rule 12(b)(1) motion to dismiss (Doc. No. 23) is DENIED.

IT IS SO ORDERED.

Dated:   October 3, 2017

_____
SENIOR DISTRICT JUDGE

---

[4] The Court notes that the USPS cited and attempted to distinguish both *Warren* and *Bond* as part of its motion. While the Court ultimately disagrees with the attempt to distinguish *Warren* and *Bond*, the Court recognizes and appreciates the USPS's candor in directly addressing those cases.

7